## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WENDELL MONTRELL HAYES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-22-879-SLP |
| | ) | |
| JOSEPH NORWOOD,[1] | ) | |
| | ) | |
| Respondent. | ) | |

## **O R D E R**

Petitioner Wendell Montrell Hayes, a state prisoner incarcerated in Hughes County, Oklahoma, appears pro se and files a Petition for a Writ of Habeas Corpus Under 28 U.S.C.§ 2254 [Doc. No. 1]. Petitioner challenges the constitutionality of his state court conviction and sentence in Case No. CF-1999-5510, District Court of Oklahoma County, State of Oklahoma.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), this matter was referred for initial proceedings to United States Magistrate Judge Shon T. Erwin, who issued a Report and Recommendation [Doc. No. 9]. Judge Erwin recommended the Court dismiss the Petition as untimely under 28 U.S.C. § 2244(d)(1)(A) because it was filed over 22 years after his conviction became final. Judge Erwin concluded there was no basis for equitable tolling

---

[1] The appropriate respondent in a habeas action is the "warden of the facility where the prisoner is being held." *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases and Federal Rules of Civil Procedure 25(d) and 81(a)(4), Joseph Norwood, current warden at Petitioner's location of incarceration, is substituted as Respondent.

or relief under 28 U.S.C. § 2244(d)(1)(D)[2] because Plaintiff did not act with the necessary diligence.   Additionally, Judge Erwin found that neither statutory tolling under § 2244(d)(2) nor the actual innocence exception applied.

Petitioner filed an Objection [Doc. No. 9] to the R. & R.[3]  The Court reviews de novo the portions of the R. & R. to which a specific objection is made, and may accept, reject, or modify the recommended decision, in whole or in part.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Petitioner makes no *specific* objections to the R. & R, but instead reiterates the underlying legal arguments that Judge Erwin determined were untimely. Petitioner does not challenge or even address Judge Erwin's conclusion that he did not act diligently.  The Court concurs with Judge Erwin's analysis in the R. & R. and adopts the same.  *See United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely *and specific* to preserve an issue for de novo review by the district court . . . ." (emphasis added)).

---

[2] Judge Erwin analyzed Petitioner's claim under 28 U.S.C. § 2244(d)(1)(D) because Petitioner specifically invoked it.  *See* [Doc. No. 1] at 14.

[3] Petitioner's objection was filed on January 11, 2023—two days after the January 9, 2023 deadline set forth in the R. & R.  But the certificate of service is dated January 9, 2023, and the envelope is postmarked the same day.  *See* [Doc. No 10] at 10; [Doc. No. 10-1].  Accordingly, the Court treats the reply as timely.  *See Price v. Philpot*, 420 F.3d 1158, 1164–65 (10th Cir. 2005).

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 9] is ADOPTED and the action is dismissed with prejudice as untimely pursuant to 28 U.S.C. § 2244(d).[4]  A separate judgment shall be entered accordingly.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a petitioner.  A COA may issue only upon "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(2).  When the district court dismisses a habeas petition on procedural grounds, the petitioner must make this showing by demonstrating both "[1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The Court finds that reasonable jurists would not debate the correctness of the Court's determinations that the Petition is time-barred and that Petitioner has not demonstrated any circumstances excusing the untimeliness of his Petition.  The Court therefore denies a COA.

---

[4] A dismissal on grounds the Petition is untimely should be with prejudice. *Taylor v. Martin*, 757 F.3d 1122, 1123 (10th Cir. 2014) (denying COA and dismissing appeal of § 2254 habeas petition dismissed with prejudice as untimely under § 2244(d)); *see also Davis v. Miller*, 571 F.3d 1058, 1061 n. 2 (10th Cir. 2009) (recognizing that dismissal under Fed. R. Civ. P. 41(b) of § 2254 habeas petition without prejudice was "tantamount to a dismissal with prejudice because the one-year statute of limitations bars [petitioner] from refiling his [habeas] petition"); *Brown v. Roberts*, 177 F. App'x 774, 778 (10th Cir. 2006) ("Dismissal of a [§ 2254 habeas] petition as time barred operates as a dismissal with prejudice . . . .").

IT IS SO ORDERED this 2nd day of June, 2023.

**SCOTT L. PALK**
**UNITED STATES DISTRICT JUDGE**